NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0121n.06
Filed: November 22, 2004

Case No. 03-1148

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| WILLIAM F. FALANDAYS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT, EASTERN DISTRICT |
| PENN TREATY AMERICAN CORP.; | ) | OF MICHIGAN |
| UNITED INSURANCE GROUP AGENCY, | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| ⸻⸻⸻⸻⸻⸻⸻ | ) | |

**BEFORE: SUHRHEINRICH, BATCHELDER and COLE, Circuit Judges**

**ALICE M. BATCHELDER, Circuit Judge.** William Falandays appeals the order of the district court granting summary judgment to the defendants on Falandays's claims of breach of contract and violation of ERISA. We have carefully reviewed the record, the applicable law and the parties' briefs, and we conclude that, with respect to the breach of contract claim, the district court's opinion thoroughly and accurately sets out both the undisputed facts and the governing law, and that no jurisprudential purpose would be served by the issuance of a full written opinion by this court. For the reasons stated in the district court's opinion, we will affirm the judgment dismissing with prejudice the breach of contract claim.

We further conclude that although the district court erred in finding that no genuine issue remained for trial with regard to Falandays's claim that he had not been informed of the 401(k) plan

by United Insurance Group Agency, Incorporated ("UIG"), the ERISA claim nonetheless must be dismissed without prejudice for failure to exhaust administrative remedies. *See Miller v. Metropolitan Life Ins. Co*., 925 F.2d 979, 986 (6th Cir.1991) ("[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit.").

Accordingly, we AFFIRM the portion of the judgment of the district court dismissing with prejudice the breach of contract claim, and we VACATE the portion of the judgment dismissing with prejudice the ERISA claim, and we REMAND that claim to the district court with instructions that it be dismissed without prejudice.